IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SWEETWATER INVESTORS, LLC,           )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   CASE NO. 1:10-CV-223-WKW [WO]
                                     )
SWEETWATER APARTMENTS LOAN           )
LLC, *et al.*,                       )
                                     )
            Defendants.              )

## MEMORANDUM OPINION AND ORDER

This action arises out of a failed transaction for the purchase of a loan.  Before the

court is a Motion to Dismiss the Amended Complaint (Doc. # 21), filed by Defendants

Sweetwater Apartments Loan, LLC, James T. Knell, and SIMA Corporation.  The motion

is accompanied by a memorandum of law.  (Doc. # 22.)  Plaintiff Sweetwater Investors, LLC,

filed a response and a memorandum of law in opposition to the motion (Docs. # 29-30), to

which Defendants filed a reply (Doc. # 31).  For the reasons that follow, the motion is due

to be denied.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332(a).  Personal

jurisdiction and venue are not contested, and there are adequate allegations of both.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the

legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the

pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation and internal quotation marks omitted); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff" (internal citations and quotation marks omitted)).

To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).  If there is "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there is a "plausible" ground for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556.  The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (citation and internal quotation marks omitted).

### III. BACKGROUND

Plaintiff Sweetwater Investors, LLC ("Plaintiff"), an Alabama company, brings this breach-of-contract and fraud action against Defendants Sweetwater Apartments Loan, LLC, SIMA Corporation, and James Knell, none of whom are Alabama citizens (individually, "Sweetwater Apartments Loan," "SIMA," and "Mr. Knell"; collectively, "Defendants"). (Am. Compl. ¶¶ 1-4.) Mr. Knell is SIMA's chairman and is the "actual, implied, or apparent agent" of SIMA, as well as of Sweetwater Apartments Loan. (Am. Compl. ¶ 4.)

This lawsuit has as its origin a loan that Defendants purchased from Regions Bank in October 2009 ("Loan"). (Am. Compl. ¶ 8.) The Loan, which was taken out originally by a third-party entity, was secured by real property in Baldwin County, Alabama. (Am. Compl. ¶¶ 6-7.) In November 2009, Plaintiff and Mr. Knell began negotiations for the sale of the Loan and loan documents to Plaintiff, with Mr. Knell "acting individually and as an agent" for Sweetwater Apartments Loan and SIMA. (Am. Compl. ¶¶ 19, 29.) Mr. Knell told Plaintiff on November 18, 2009, that he "had full authority to make all decisions" concerning the Loan and "had full ownership of the [L]oan and Loan Documents and could negotiate its sale and transfer." (Am. Compl. ¶ 20.) As a condition of purchase, Plaintiff informed Defendants in December 2009 that Sweetwater Apartments Loan would have to "deliver to Plaintiff the documents associated with the Loan." (Am. Compl. ¶ 22.) That condition was accepted by Mr. Knell, on behalf of Sweetwater Apartments Loan and SIMA. (Am. Compl. ¶ 23.)

3

The negotiations culminated in a Purchase and Sale Agreement for the Loan ("Agreement"). The Agreement was entered into on January 11, 2010, between Plaintiff and Sweetwater Apartments Loan.[1]  (Am. Compl. ¶ 11.)   Under the Agreement's terms, Sweetwater Apartments Loan agreed to assign the Loan to Plaintiff for $1 million and other consideration. (Am. Compl. ¶¶ 11, 13.)  Sweetwater Apartments Loan also agreed to deliver the "Loan File" to Plaintiff.  (Am. Compl. ¶ 12.)  The term "Loan File" is defined in the Agreement to include all of the documents identified in Schedule 1 to the Agreement.  The Amended Complaint sets forth the Schedule 1 documents, which include the note, the foreclosure deed, and executed guarantees of payment.  (Am. Compl. ¶ 12.)  It alleges that Plaintiff timely performed its contractual obligations, but Defendants "failed or refused to transfer the Loan and the Loan File to Plaintiff despite Plaintiff's . . . demand for said transfer."  (Am. Compl. ¶¶ 14, 16.)

Defendants' failure to turn over the Loan and the Loan File forms the basis of the breach-of-contract claim in Count One.  (Am. Compl. ¶¶ 10-17.)  Count One alleges that the Agreement was entered into between Plaintiff and Sweetwater Apartments Loan.  (Am. Compl. ¶¶ 11-12.)  It also alleges that all Defendants accepted Plaintiff's consideration and breached the contract by failing to deliver the Loan and Loan File.  (Am. Compl. ¶¶ 14, 16.)

Counts Two and Three allege claims for fraudulent misrepresentation and fraudulent

---

[1] In the meantime, on January 5, 2010, Sweetwater Apartments Loan foreclosed on the Regions mortgage as assignee of the loan transaction, and bought the property in the foreclosure sale.  (Am. Compl. ¶ 9.)

suppression.   Plaintiff alleges that Mr. Knell's pre-contractual representations that Sweetwater Apartments Loan owned the Loan and had authority to transfer the "Loan Documents" to Plaintiff were false.   (Am. Compl. ¶¶ 20, 25.)   It was not until after Defendants received Plaintiff's consideration that Defendants "informed Plaintiff that they d[id] not have the authority to transfer the Loan and Loan Documents to Plaintiff," that Regions Bank "would not consent to delivery of the Loan file to Plaintiff," and that Sweetwater Apartments Loan "did not actually have possession or ownership of the Loan File or the authority to transfer the Loan File to Plaintiff."  (Am. Compl. ¶¶ 26, 31.)  Plaintiff alleges that it relied upon Defendants' false representations in entering into the Agreement, and that Defendants "had a duty to disclose the fact that [they] did not have possession or ownership of the Loan and Loan File or the authority and ability to transfer the Loan and Loan File to Plaintiff."  (Am. Compl. ¶¶ 24-25, 32.)

Plaintiff seeks compensatory damages for breach of contract, and both compensatory and punitive damages for fraud.  Costs, to include attorney's fees, and interest also are sought.  (Am. Compl. 6, 8, 10.)  Plaintiff demands a jury trial.  (Am. Compl. 1, 11.)

## IV.  DISCUSSION

Defendants contend that this action is a "simple contract dispute" between Plaintiff and Sweetwater Apartments Loan, and nothing more.  (Defs. Mem. of Law 1.)  Based upon this premise, Defendants move for dismissal of the breach-of-contract claim against SIMA and Mr. Knell and the fraud claims against all Defendants.  Plaintiff argues against dismissal.

A.   **Breach of Contract (Count One)**

Defendants "do not deny that the breach of contract claim states a cause of action against" Sweetwater Apartments Loan.  (Defs. Mem. of Law 12.)  They argue, however, that Plaintiff has not pleaded that SIMA and Mr. Knell are parties to the Agreement and that, therefore, a cause of action for breach of contract cannot lie against them.  (Defs. Mem. of Law 4.)  In rebuttal, Plaintiff asserts that because Mr. Knell signed the Agreement as SIMA's manager and as general partner for Sweetwater Apartments Loan,[2] facts may develop during discovery demonstrating that Mr. Knell had actual, implied or apparent authority to bind SIMA to the terms of the Agreement.  Alternatively, Plaintiff says that facts may develop that Mr. Knell "lacked corporate authority for his actions" and, thus, "should be considered as acting individually."  (Pl. Mem. of Law 5.)  Plaintiff argues that it needs to conduct discovery to ascertain Mr. Knell's authority – whether he acted in his individual or representative capacity – and the "responsibility of each" Defendant as to the Agreement.  (Pl. Mem. of Law 3-5.)

Under Alabama law, to state a claim for breach of contract, a plaintiff must allege "'(1) a valid contract binding the parties; (2) the plaintiff's performance under the contract;

_____

[2] Both parties assume that the Agreement is part of the record and may be considered on a motion to dismiss.  They are correct as to the latter assertion.  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding that the "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," *i.e.*, its authenticity is not disputed).  In this case, the Agreement is central to Plaintiff's breach-of-contract claim and its authenticity is undisputed.  The Agreement is not, however, attached as an exhibit to the motion to dismiss.  (Defs. Mem. of Law 4, 6-7 (citing the Agreement by reference to Exhibit A to the Motion to Dismiss).)  Also, the record does not otherwise contain a copy of the Agreement.

(3) the defendant's nonperformance; and (4) resulting damages.'" *Barrett v. Radjabi-Mougadam*, 39 So. 3d 95, 98 (Ala. 2009) (quoting *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009)). Plaintiff's immediate problem concerns element one. The Amended Complaint plainly alleges that the Agreement was entered into between "Plaintiff and Defendant Sweetwater [Apartments Loan]." (Am. Compl. ¶ 11.) There is no allegation in Count One, and Plaintiff has pointed to none, that Mr. Knell and/or SIMA also were parties to the Agreement, or even that "Defendants" in the plural entered into the Agreement.[3] Rather, Plaintiff makes its sales pitch for liability against Mr. Knell and SIMA in its brief. However, a claim cannot be inferred, or a complaint amended, through an argument in a brief. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). The Amended Complaint nowhere identifies that Mr. Knell signed the Agreement, much less that he signed the Agreement as SIMA's manager, and as noted, *see supra* note two, the parties neglected to submit the Agreement. Plaintiff pleads *no* facts in the Amended Complaint plausibly suggesting a breach-of-contract claim under any theory against Mr. Knell individually or against SIMA.

Accordingly, the court finds that Defendants' motion to dismiss Count One against Mr. Knell and SIMA is due to be granted. Should discovery establish that SIMA is or may

---

[3] The original Complaint alleged that "Plaintiff and *Defendants* entered into the Agreement." (Compl. ¶ 21 (emphasis added).) In repleading Count One, Plaintiff omitted the reference to "Defendants" and substituted in its place "Sweetwater [Apartments Loan]." (Am. Compl. ¶ 11.) No argument has been made that the substitution was inadvertent.

be bound to the Agreement, or that Mr. Knell is a signatory to the Agreement in his individual capacity, Plaintiff may move for leave to amend Count One within the deadline established by the scheduling order.

**B.**     **Fraudulent Misrepresentation and Fraudulent Suppression (Counts Two and Three)**

Counts Two and Three allege fraudulent misrepresentation and fraudulent suppression.   The elements of a fraudulent misrepresentation claim are: (1) a false representation; (2) concerning a material fact; (3) plaintiff's reliance on the false representation; and (4) actual injury resulting from that reliance. *See Consol. Constr. Co. of Ala. v. Metal Bldg. Components, L.P.*, 961 So. 2d 820, 825 (Ala. 2007).  "[T]o state a claim of fraudulent suppression, the plaintiff must allege (1) that the defendant had a duty to disclose material facts; (2) that the defendant concealed or failed to disclose those facts; (3) that the concealment or failure to disclose induced the plaintiff to act; and (4) that the defendant's action resulted in harm to the plaintiff." *Bethel v. Thorn*, 757 So. 2d 1154, 1162 (Ala. 1999) (citation and internal quotation marks omitted).

Defendants submit two grounds for dismissal of Plaintiff's fraud claims.   Those arguments will be addressed in turn.

First, Defendants argue that Plaintiff is trying to erect a fraud claim out of a simple breach- of-contract claim.  It is true that "[a] mere failure to perform a contract obligation is not a tort, and it furnishes no foundation for an action on the case." *C & C Prods., Inc. v.*

*Premier Indus. Corp.*, 275 So. 2d 124, 130 (1974).  In *Brown-Marx Associates, Ltd. v. Emigrant Savings Bank*, 703 F.2d 1361 (Ala. 1983), applying Alabama law, the Eleventh Circuit similarly explained that a "[f]ailure to perform a promise is not of itself adequate evidence of intent to support an action for fraud.  A mere breach of a contractual provision is not sufficient to support a charge of fraud."  *Id.* at 1370-71; *see also Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 303-06 (Ala. 2003) (Houston, J., concurring) ("[I]t is clear that to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." (emphasis omitted)).

Defendants cite *Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272 (M.D. Ala. 2007), as an analogous case.  There, the plaintiffs conceded that they were "merely alleging a written misrepresentation in the contract as the *only* basis for their fraud and suppression claims."  *Id.* at 1275.  Because the plaintiffs' fraud claim focused on the defendant's failure to reimburse plaintiffs in the manner agreed to in the contract, the court found that the "dispute boil[ed] down to the interpretation of an undefined or ambiguous contract term."  *Id.* at 1276.  It was "a classic breach of contract claim, rather than a claim for fraudulent misrepresentation."  *Id.* at 1277.

Plaintiff takes a different position, however.  Plaintiff points out that Alabama law also recognizes that "where a party fraudulently conceals or misrepresents facts relating to

its intention or ability to perform under a contract, 'a single transaction can support an award of damages for both breach of contract and fraud.'" *Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 107 (11th Cir. 1989) (quoting *Deupree v. Butner*, 522 So. 2d 242, 244 (Ala. 1988)).   Plaintiff argues that the facts in this case are "very similar" to those in *Deupree*.  *Deupree* involved an appeal from a judgment on a jury verdict in favor of the plaintiffs on claims for fraud and breach of contract.  *See* 522 So. 2d at 243.  The plaintiffs purchased a townhouse from a developer pursuant to a sales contract that required the developer to build a boat slip for the townhouse.  At trial, the evidence revealed that the developer had fraudulently concealed facts concerning the "difficulty or impossibility" of obtaining a "submerged land lease" for the boat slip, and that the plaintiffs would not have closed on the townhouse contract if the developer had informed them of this impediment. *Id.* at 244-45.  The Supreme Court of Alabama held that these facts supported recovery on both the fraud claim and the breach-of-contract claim.  *Id.*

In *Combined Services*, the Eleventh Circuit followed *Deupree*.  *See Combined Servs.*, 888 F.2d at 106-07.  The defendant-seller entered into a contract with the plaintiff-buyer for the sale of eighty cartons of telephone cords and represented to the plaintiff that it had the cords in stock and would deliver them.  *See id.*  When the defendant did not deliver the cords, the plaintiff sued for breach of contract and fraud, and the jury awarded compensatory damages for breach of contract and punitive damages for fraud.  *See id.* at 107.  The Eleventh Circuit affirmed the judgment on the jury verdict:

> [T]he defendant fraudulently misrepresented facts concerning its intention and ability to perform obligations under a contract. . . . [The seller] entered into the contract knowing that it had no telephone cords to ship and breached the contract when it failed to deliver any telephone cords. [The buyer] reasonably relied on [the seller's] misrepresentations and, as a result, was induced to enter into the contract. Following *Deupree* . . . , we therefore hold that [the buyer] was entitled to recover for both breach of contract and fraud.

*Id.* at 107-08; *see also Alfa Mut. Ins. Co. v. Northington*, 561 So. 2d 1041, 1045 (Ala. 1990) (affirming a judgment based on a jury verdict in favor of the plaintiff for fraud and breach of contract, holding that on the fraud claim the evidence was sufficient to show that an insurance agent misrepresented the scope of coverage under an insurance policy to induce the plaintiff to purchase the policy).

Treating the facts in the Amended Complaint as true, as it must, the court finds that Plaintiff has the better argument. It is true that Plaintiff alleges that Defendants' failure to deliver the Loan and the Loan File breached one of the Agreement's terms. (Am. Compl. ¶¶ 12, 16; Defs. Mem. of Law 6-7.) The alleged failure of Defendants to live up to their end of the bargain to deliver certain documents sounds in breach of contract. However, the fraud claims do not rest *solely* on an allegation that Defendants breached the Agreement's provision requiring delivery of the Loan and the Loan File to Plaintiff. There also are allegations that, prior to entering into the Agreement, Mr. Knell misrepresented that Sweetwater Apartments Loan had full ownership of the Loan and Loan File and full authority to transfer those documents to Plaintiff (Am. Compl. ¶¶ 20, 25), and that Sweetwater Apartments Loan had a duty to disclose that "Defendants did not have possession or

ownership of the Loan and Loan File or the authority and ability to transfer the Loan and Loan File to Plaintiff."  (Am. Compl. ¶¶ 20, 32.)

As alleged, not only did Sweetwater Apartments Loan breach the Agreement when it failed to deliver the Loan and Loan File to Plaintiff, but Defendants also induced Plaintiff to enter into the Agreement knowing that they did not have the authority or ability to transfer the Loan and Loan File to Plaintiff, but representing that they did have such authority.  In reliance upon those representations, Plaintiff entered into the Agreement with Sweetwater Apartments Loan.  Plaintiff likewise "was induced to enter into the Agreement as a result of Defendants' concealment" of their lack of authority.  (Am. Compl. ¶¶ 25, 32, 34.)  In other words, as grounds for the fraud claims, Plaintiff alleges that, prior to consummation of the Agreement, Defendants misrepresented and concealed material facts regarding the difficulty or impossibility of obtaining ownership and possession of the Loan and the Loan File and permission from Regions Bank to transfer the Loan and the Loan File to Plaintiff.  These allegations align more with *Deupree* than with *Pearson's Pharmacy*.  As in *Deupree*, the allegations in this case state a claim, plausible on its face, that Defendants' alleged misrepresentations and concealment of facts were extraneous to the terms of the Agreement.

Whether the evidence bears out these allegations is an issue suitable for presentation after discovery.[4]  At this stage, however, the court finds that there are "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

Defendants' second argument assumes that Plaintiff's fraud claims are tied not only to an alleged "promise to supply documents" listed in Schedule 1 to the Agreement, but also to an alleged promise to supply documents not specified in Schedule 1.  (Defs. Mem. of Law 7; *see* Am. Compl ¶ 12 (quoting Schedule 1 and explaining that the "Loan File" is defined in the Agreement to include all of the documents listed in Schedule 1).)  Defendants argue that Plaintiff could not have reasonably relied on the latter promise because it was made, if at all, prior to the execution of the Agreement and is contradicted by the Agreement.  (Defs. Mem. of Law 9 (citing Agreement, § 1.01(e)[5].)  Defendants rely upon, among other cases,

---

[4] In their reply brief, Defendants argue that *Deupree* is distinguishable because in that case the "special relationship" between the purchasers and the developer gave rise to the developer's duty to disclose.  522 So. 2d at 245-46 (The developer "stood in a special relationship to his purchasers, who had no knowledge of the[] impediments [regarding the difficulty of obtaining a submerged land lease], but who relied upon him; therefore, [the developer] had an obligation to disclose his knowledge of those impediments at the time he took their money." (emphasis omitted)); (Defs. Mem. of Law 7-8.)  Here, Defendants argue that there is not a similar relationship so as to trigger a duty of disclosure.  Because this argument is raised for the first time in a reply brief, it need not be addressed.  *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (declining to consider an argument raised for the first time in a reply brief).  It is notable, however, that as in *Deupree*, Plaintiff alleges a lack of knowledge.  Namely, Plaintiff avers that it "did not have knowledge of the terms of the agreement" between Regions Bank and Sweetwater Apartments Loan and "did not otherwise have access [to] said agreement to review prior to entering into the Agreement . . . ."  (Am. Compl. ¶ 33.)

[5] Defendants represent that the Agreement provides:  "It is expressly agreed and understood that Seller is not providing all documents provided to Seller by Regions.  Upon written request by Buyer to Seller, Seller shall make written request to Regions for authorization to provide Seller documents specifically requested by Buyer not provided as part of this Agreement."   Again, the Agreement is not part of the record.

*Birmingham News Co. v. Horn*, 901 So. 2d 27 (Ala. 2004), for the legal principle that "'fraud or misrepresentation cannot be predicated upon a verbal statement made before execution of a written contract when a provision in that contract contradicts the verbal statement.'" *Id.* at 61 (quoting *Tyler v. Equitable Life Assurance Soc. of the U.S.*, 512 So. 2d 55, 57 (Ala. 1987)).  (Defs. Mem. of Law 10.)

Plaintiff responds that "Defendants' argument goes to the issue of reliance and whether a plaintiff can reasonably rely on a statement which is contrary to the statement in the contract."  (Pl. Mem. of Law 10-11.)  However, Plaintiff does not directly answer whether its fraud claims encompass misrepresentations or concealment concerning Defendants' authority to deliver documents not listed in Schedule 1.  It merely asserts generally that the fraud counts "go to" Defendants' representations and concealment of facts "concerning their authority and ability to perform as a whole."  (Pl. Mem. of Law 11.)

Like Plaintiff's arguments in its brief, the allegations in the Amended Complaint also do not clarify Plaintiff's position.  Some of the allegations would seem to indicate that Plaintiff's claims do not extend to documents outside of those listed in Schedule 1.  For example, Plaintiff refers to the documents listed in Schedule 1 as the "Loan File," and alleges that "Defendants have failed or refused to transfer the Loan and the Loan File to Plaintiff . . . ."  (Am. Compl. ¶¶ 12, 16.)  An ambiguity, however, is created by subsequent paragraphs, in particular ¶ 20, where Plaintiff refers to Mr. Knell's alleged misrepresentation that Sweetwater Apartments Loan "had full ownership of the [L]oan and Loan *Documents*."

(Am. Compl. ¶ 20 (emphasis added); *see also* Am. Compl. ¶¶ 22, 26, 28, 29, 32, 34 (referring interchangeably to "Loan Documents," "Loan File" and "documents associated with the Loan").)  Plaintiff does not define "Loan Documents," and it is unclear whether the phrase "Loan Documents" is synonymous with the phrase "Loan File" or whether the phrase encompasses something more.  Without further clarification from Plaintiff and without a copy of the Agreement, the ambiguities cannot be resolved.

Although clarity would have been preferred as to whether the fraud claims encompass representations or omissions pertaining to Defendants' authority to deliver documents not listed in Schedule 1, it is unnecessary to stake out those parameters at this time.  Three observations are noted.

First, as discussed above, the fraud claims are going forward as pertains to representations and omissions of fact with respect to Defendants' authority to deliver the Schedule 1 documents (*i.e.*, the Loan File) to the Plaintiff.  The parties will, thus, be engaging in discovery as to these claims.  No argument has been made that discovery relevant to the scope of the fraud claims will present an undue burden or inequity on the parties.  Second, discovery likely will provide clarification as to the facts.  The legal issues raised by Defendants, including whether the Agreement expressly contradicts a pre-contractual representation, then can be decided based upon a developed evidentiary record, rather than on unclear allegations.  And, it could be that Defendants' argument made here is rendered moot based upon that evidence.  Third, Plaintiff alleges that the pertinent documents

pertaining to the Loan are within the exclusive control of Defendants, and Defendants have not refuted that contention.  (*See, e.g.*, Am. Compl. ¶ 33; Pl. Mem. of Law 3, 11.)  Given that representation, the better course is to deny the Rule 12(b)(6) motion and to permit the structure of the fraud claims to evolve through the discovery process.  *See, e.g., Peters v. Amoco Oil Co.*, 57 F. Supp. 2d 1268, 1281 (M.D. Ala. 1999) (denying a motion to dismiss a fraudulent concealment claim where the plaintiffs "sufficiently pled that information [was] within the exclusive control of the [d]efendants," and permitting discovery).

## V.  CONCLUSION

Based on the foregoing, Plaintiff Sweetwater Investors, LLC's breach-of-contract claim against Mr. Knell and SIMA fails, but the fraud claims against all Defendants survive the present motion to dismiss.  Accordingly, it is ORDERED that Defendants' Motion to Dismiss the Amended Complaint (Doc. # 21) is GRANTED as to the breach-of-contract claim in Count One against Mr. Knell and SIMA, and DENIED as to the fraud claims in Counts Two and Three.

DONE this 24th day of November, 2010.

_____ /s/ W.  Keith Watkins _____
UNITED STATES DISTRICT JUDGE